IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 cr 107

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KEYAIL DUNCAN. | ) | |
| | ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion to Withdraw as Counsel and For an Order Appointing New Counsel for Defendant (#21) filed by Defendant's attorney Derrick R. Bailey on December 30, 2015. In the motion, Mr. Bailey requests permission to withdraw as counsel for Defendant and states:

> "The undersigned believes that the attorney-client relationship and communications between the undersigned and the Defendant have reached a point where they are no longer effective and it is in the defendant's best interest that the undersigned be allowed to withdraw from further representation of the Defendant and that new counsel be appointed to represent the Defendant Duncan."

At the call of this matter on for hearing it appeared that Defendant was present with his attorney, Mr. Bailey and the Government was present and represented through AUSA Richard Edwards. At the call of this matter, the undersigned presented the issue as to whether or not during the hearing of this motion confidential communications could be presented in regard to the issues contained in the motion.

1

Mr. Bailey advised that such could take place. The undersigned then made inquiry of Mr. Edwards as to whether or not he had any objection to the Court conducting a sealed proceeding concerning the portion of the hearing of the motion and excluding Mr. Edwards from those proceedings. Mr. Edwards stated he did not have any objection. The Court then conducted a sealed proceeding and heard statements from Mr. Bailey and conducted an inquiry with the Defendant. The undersigned then reopened Court and then heard arguments from Mr. Edwards. From the evidence and arguments presented, the undersigned makes the following findings.

**Findings**. As stated above, the undersigned conducted an inquiry and sealed proceedings with Mr. Bailey and with the Defendant. That proceeding appears of record and may be reviewed by any reviewing court.

Upon inquiry, the undersigned found that this matter is set for trial for the February 22, 2016 term of the District Court.

**Discussion**. An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the Motion to Withdraw should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the

motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why Mr. Bailey has filed a motion to withdraw; and (3) whether or not there is such a conflict between the Defendant and Mr. Bailey that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this matter was filed on December 30, 2015 and was heard before the undersigned at the next available date which was January 8, 2016. At the time of the hearing of the motion on January 8, 2016, there are only six weeks remaining prior to the trial of this matter which is scheduled for February 22, 2016. Included within those weeks are two holidays, that being January 18, 2016 and February 15, 2016. It is the opinion of the undersigned there would be little time in which for newly appointed to become familiar with the case of the Defendant and be prepared for trial at the February 22, 2016 term. The undersigned also finds that the trial of this matter has previously been continued by Order (#16) of Judge Reidinger of December 16, 2015. As a result of the foregoing, this factor must be weighed against granting the motion to withdraw.

The undersigned made a detailed inquiry as to the reasons for the conflict between the Defendant and Mr. Bailey. That inquiry shall appear in the sealed proceedings. The undersigned has given great consideration to this factor and the

fact that Mr. Bailey is an experienced attorney who has given great service to the Western District of North Carolina. After considering all of the information, the undersigned must find that the inquiry does not show sufficient reason or cause to allow the motion.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Defendant and Mr. Bailey that shows there is a lack of communication between them preventing an adequate defense. As shall appear of record from the sealed proceeding, the statements presented do not show to this Court that such a lack of communication does exist in this matter. The undersigned will weigh this factor against granting the motion.

After considering all of the factors, it appears that there is little time before trial within which to appoint other counsel who has the knowledge of the case that Mr. Bailey possesses and who could be prepared for trial at the February 22, 2016 term of the District Court. As a result of the inquiry made by the undersigned, this Court cannot find there is a lack of communication between Mr. Bailey and Defendant that would prevent an adequate defense.

After weighing all of the factors, the Court has determined that the motion to withdraw should be denied.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw as Counsel and For an Order Appointing New Counsel for Defendant (#21) is **DENIED.**

Signed: January 13, 2016

*/s/ Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge